**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERICH MANDEL, | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| SEIU LOCAL 73 and COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15, | ) | |
| Defendants | ) | |

# COMPLAINT

1. Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2. Union dues deduction agreements signed in jurisdictions that required agency fees to be paid by non-members of a union before the Supreme Court's decision in *Janus* are no longer enforceable because employees who signed such agreements could not have waived their right to not join or pay a union freely because the Supreme Court had not yet recognized that right. Such employees must be freely given the choice either to join the union or not to join the union without paying agency fees to subsidize union advocacy.

3. Plaintiff Erich Mandel is an employee of Defendant Community Consolidated School District 15 ("District 15"). Prior to the Supreme Court's decision in *Janus* on June 27,

2018, Mr. Mandel joined Defendant Service Employees International Union, Local 73 (“SEIU”) because he would have had to pay agency fees to SEIU as a non-member.

4. SEIU is violating Mr. Mandel’s First Amendment rights to free speech and freedom of association by continuing to withdraw union dues from his paychecks based solely on a union card that Mr. Mandel purportedly signed before the *Janus* decision. Any union card that Mr. Mandel may have signed before the *Janus* decision that limits his ability to stop union dues from being withheld from his paycheck is now unenforceable.

5. District 15 is violating Mr. Mandel’s First Amendment rights to free speech and freedom of association by continuing to withhold union dues from his paycheck, and, on information and belief, is transmitting those funds to Defendant SEIU, despite not having received freely given affirmative consent from Mr. Mandel to do so.

6. Mr. Mandel therefore brings this suit under 42 U.S.C. § 1983, seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from his paychecks.

**PARTIES**

7. Plaintiff Erich Mandel is employed by Community Consolidated School District 15 as a diesel mechanic in the transportation department. He resides in Palatine, Illinois.

8. Defendant Service Employees International Union, Local 73 is headquartered in Chicago, Illinois. It represents more than 29,000 employees in Illinois and Indiana, including the employees of District 15.

9. Defendant Community Consolidated School District 15 is a public school district headquartered at 580 N. 1st Bank Drive in Palatine, Illinois.

## JURISDICTION AND VENUE

10. This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

11. Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

12. Plaintiff, Erich Mandel, has been a diesel mechanic in District 15's transportation department since July 31, 2013.

13. When Mr. Mandel began his employment with District 15, he joined SEIU. Mr. Mandel joined the union because at the time, he would have been required to pay money to the union even as a non-member, in the form of agency fees.

14. At the time Mr. Mandel began his employment with District 15 and joined SEIU, had he been given the option to pay no money to the union as a non-member, he would not have the joined the union.

15. Mr. Mandel does not currently possess a union card that he signed, nor has SEIU provided Mr. Mandel with a union card signed by him.

16. On June 27, 2018, the U.S. Supreme Court issued its decision in the *Janus* case.

17. After the Supreme Court issued its decision in *Janus*, Mr. Mandel learned that he had the right both not to be a member of the union and not to pay any money to the union. On August 21, 2018, Mr. Mandel sent District 15 a letter informing it that he was resigning his membership in SEIU and asking District 15 to discontinue the automatic deduction of his union dues. This letter is attached as **Exhibit A**.

18. On August 27, 2018, Mr. Mandel sent an email to SEIU's email address, info@seiu.org, informing them that he was withdrawing from SEIU. This notice is attached as **Exhibit B**.

19. On September 5, 2018, Defendant Local 73 replied to Mr. Mandel via a first-class mail unsigned letter from "Local 73 Leadership." This letter, attached as **Exhibit C**, asserted that Mr. Mandel would have to "continue paying an amount equal to dues until either the fifteen-day period not less than thirty (30) days and not more than forty-five (45) days before the annual anniversary date of the day you signed the card or the date of termination of the applicable contract between the Union and your employer." According to this letter, the next period that Mr. Mandel could cancel his authorization to pay union dues is July 12, 2019 to July 27, 2019.

20. Mr. Mandel sent a letter to District 15's personnel and payroll department on September 17, again, asking it to stop withholding union dues from his paycheck. **Exhibit D**.

21. District 15 has deducted dues from Mr. Mandel's paychecks and remitted those dues to SEIU since he began employment in July 2013. The dues now being deducted from Mr. Mandel's paycheck amount to $46.20 per month. District 15 continues to deduct those dues despite Mr. Mandel's repeated requests that it be stopped.

22. The Negotiated Agreement between SEIU and District 15, **Exhibit E**, provides that District 15 will deduct "regular monthly dues uniformly required as a condition of the union membership from the wages of the employees who become or are union members and remit such dues to the union, providing the employee signs and submits to the employer a written authorization to deduct dues . . . ."

23. The Negotiated Agreement provides for an employee written authorization to deduct dues that states, in relevant part: "This authorization and direction shall be irrevocable for

the period of two (2) years, or until the termination of the collective bargaining agreement between the Employer and Local No. 73, whichever occurs sooner; and I agree and direct that this authorization and direction shall be automatically renewed, and shall be irrevocable for successive periods of one (1) year each or for the period of each succeeding applicable collective bargaining agreement between the Employer and Local No. 73, whichever shall be shorter, unless written notice is given by me to the Employer not more than twenty (20) days and not less than ten (10) days prior to the expiration of each period of one (1) year, or of each applicable collective bargaining agreement between the Employer and Local No. 73, whichever occurs sooner." **Exhibit E**.

24. The period provided for an employee to suspend his or her authorization to withhold union dues in the Negotiated Agreement, **Exhibit E**, differs from the period provided for in letter SEIU sent to Mr. Mandel, **Exhibit C**. And those periods do not overlap. The Negotiated Agreement provides for a yearly 10-day period not more than 20 days and not less than 10 days prior to the expiration of each period of 1 year, while the letter to Mr. Mandel from SEIU provides for a 15-day period not less than 30 days and not more than 45 days before the annual anniversary date of the day he signed the card.

## COUNT I

**By continuing to withhold union dues from the paycheck of Mr. Mandel, District 15 and SEIU are violating his First Amendment rights to free speech and freedom of association protected by the First Amendment of the United States Constitution.**

25. The allegations contained in all preceding paragraphs are incorporated herein by reference.

26. The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment

guarantee of Due Process. *Id*. at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

27. Mr. Mandel does not affirmatively consent to remaining a member of SEIU or to having his union dues withheld by District 15.

28. District 15 is a government entity that is deducting dues from Mr. Mandel's paycheck under color of state law.

29. SEIU is acting in concert with District 15 to collect union dues from Mr. Mandel's paycheck without his consent. In doing so, SEIU is acting under color of state law. SEIU is acting pursuant to a collective bargaining agreement negotiated with a government entity to exact its dues.

30. SEIU and District 15 have limited withdrawal from the union and cessation of the withholding of union dues to an arbitrarily short, and unclear, period during the year and insist that Mr. Mandel can only exercise his First Amendment rights during that time.

31. The actions of SEIU and District 15 constitute a violation of Mr. Mandel's First Amendment rights to free speech and freedom of association to not join or financially support a union without his affirmative consent.

32. From when he joined the union until June 27, 2018, because he was not given the option of paying nothing to the union as a non-member of the union, Mr. Mandel could not have provided affirmative consent to SEIU or District 15 to have dues deducted from his paycheck.

33. Mr. Mandel's consent to dues collection was not "freely given" because it was given based on an unconstitutional choice of either union membership or the payment of union agency fees without the benefit of membership. *Janus*, 138 S. Ct. at 2486.

34. If Mr. Mandel had a choice between paying union dues and being a member of the union or paying nothing and not being a union member, he would have chosen to pay nothing as a non-member. Instead, Mr. Mandel was given a choice to pay full union dues or pay an agency fee, which constituted a substantial sum of the full union dues. Janus made clear that this false dichotomy is unconstitutional. *Id*. Therefore, Mr. Mandel's consent, was compelled, and not freely given.

35. Mr. Mandel is entitled to an injunction under 42 U.S.C. § 1983 ordering District 15 and SEIU immediately to stop deducting union dues from his paycheck.

36. Mr. Mandel is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to SEIU during his employment.

**PRAYER FOR RELIEF**

Plaintiff Erich Mandel respectfully requests that this Court:

a. Declare that limiting the ability of Mr. Mandel to revoke the authorization to withhold union dues from his paycheck to a window of time is unconstitutional because he did not provide affirmative consent;

b. Declare that Mr. Mandel's signing of the union card cannot provide a basis for his affirmative consent to waive his First Amendment rights upheld in *Janus* because such authorization was based on an unconstitutional choice between paying the union as a member or paying the union as a non-member;

c. Declare that the practice by District 15 of withholding union dues from Mr. Mandel's paycheck was unconstitutional because Mr. Mandel did not provide affirmative consent for the school district to do so;

d. Enjoin District 15 from deducting dues from Mr. Mandel's paycheck, unless he first provides freely given affirmative consent to such deductions;

e. Enjoin SEIU from collecting dues from Mr. Mandel, unless he first provides freely-given affirmative consent;

f. Award damages against SEIU for all union dues collected from Mr. Mandel during his employment;

g. Award Mr. Mandel his costs and attorneys' fees under 42 U.S.C. § 1988; and

h. Award any further relief to which Mr. Mandel may be entitled.

Dated: December 21, 2018

Respectfully Submitted,

**ERICH MANDEL**

By: /s/ Jeffrey Schwab

Jeffrey M. Schwab (#6290710)
James J. McQuaid (#6321108)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jschwab@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff*