IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERICH MANDEL, | ) |
| Plaintiff, | ) ) ) ) |
| | ) Case Number: 18-cv-08385 |
| v. | ) ) Hon. Martha M. Pacold |
| SEIU LOCAL 73, and COMMUNITY CONSOLIDATED SCHOOL DISTRICT 15, | ) ) ) |
| Defendants. | ) ) ) |

### THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF SEIU LOCAL 73'S MOTION FOR SUMMARY JUDGMENT [Dkt. 37, 38, 46]

Currently pending before the Court are the parties' cross-motions for summary judgment. In support of its cross-motion (Dkt. 37 (Motion), Dkt. 38 (Memorandum of Points & Authorities), Dkt. 46 (Reply In Support of Motion)), SEIU Local 73 submits the following new authority which issued after the cross-motions were fully briefed.

Attached hereto as Exhibit A is the Middle District of Pennsylvania's September 30, 2019 Memorandum order granting the defendants' motions to dismiss in *LaSpina v. SEIU Pennsylvania State Council*, No. 3:18-2018, 2019 WL 4750423 (M.D. Pa. Sep. 30, 2019). In Claim 2 of her complaint, the plaintiff in *LaSpina* alleged that her union "violated her constitutional rights and state law by failing to stop deductions for dues from her pay after she resigned" her union membership, seeking a dues refund and various forms of declaratory and injunctive relief. 2019 WL 4750423 at *2. This claim was brought solely on an individual, rather than a putative class, basis. *Id.*

After receiving the plaintiff's request to resign her union membership, the union instructed the plaintiff's employer to discontinue the plaintiff's dues deductions, and provided the plaintiff with a full refund of all dues deducted after her resignation. *Id.* at *2. In its September 30, 2019 Memorandum, the district court dismissed the plaintiff's constitutional challenge to dues deduction in Claim 2 as moot. *Id.* at *8-13.

With respect to Claim 2, the district court ruled that the termination of dues deductions and refund of plaintiff's dues payments was sufficient to moot her constitutional claims. The plaintiff could not allege any "ongoing violations of her constitutional rights," because "the plaintiff fails to allege any ongoing violations of her constitutional rights and [the employer] has demonstrated that plaintiff's resignation [of union membership] was accepted by Local 668, deductions for union dues from her paycheck were terminated, and she was given a full refund for the dues that were deducted after her resignation." *Id.* at *10. There was no likelihood that the challenged conduct would recur, because the employer could deduct any union dues from the plaintiff in the future without a new written authorization from the plaintiff. *Id.* at *13.

Moreover, the court rejected the plaintiff's argument that, because she chose not to accept the full dues refund, the defendants could not moot her claim by unilaterally sending her the refund. *Id.* at *9. The court found it was immaterial to the mootness analysis that the plaintiff had chosen not to accept the proffered dues refund, because the refund was provided unconditionally and the uncashed check was as good as cash. *Id.* at *12 & n.8. As the court explained, plaintiff could not still litigate for a declaratory judgment because a "plaintiff is not entitled to declaratory relief that any defendant violated her rights *in the past*." *Id.* at *10 (emphasis added).

*LaSpina* therefore supports SEIU Local 73's argument that this case is moot because (1) Plaintiff's dues deductions have been terminated and the union has provided him a full refund of all union dues deducted from his pay, with interest, for the full two-year limitations period; and (2) Plaintiff faces no reasonable risk of future dues deductions from his pay because any future deductions could only be made if he rejoins the union and authorizes those deductions. *See* Dkt. 38 at 4-7; Dkt. 46 at 1-2.

The district court in *LaSpina* also ruled that the plaintiff could not proceed with her claim for prospective relief on behalf of other individuals who resigned their union membership because her claim was pleaded on her own behalf as an individual, not on a class basis. 2019 WL 4750423 at *13-14. Likewise here, SEIU Local 73 has argued that Plaintiff cannot avoid mootness in this case by claiming that a declaratory judgment would benefit other School District employees, because Plaintiff brought his action as an individual, not on behalf of a class. Dkt. 38 at 5-6; Dkt. 46 at 1-2.

Dated: October 11, 2019               Respectfully Submitted,

                                      By: */s/ Eileen B. Goldsmith*
                                      Eileen B. Goldsmith

ROBERT E. BLOCH (SBN 6187400)
GEORGE A. LUSCOMBE, III (SBN 6290097)
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Telephone: (312) 372-1361
Facsimile: (312) 372-6599
E-mail: rebloch@laboradvocates.com
         gluscombe@laboradvocates.com

SCOTT A. KRONLAND (*pro hac vice*)
EILEEN B. GOLDSMITH (*pro hac vice*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064
E-mail:  skronland@altshulerberzon.com
　　　　　egoldsmith@altshulerberzon.com

*Attorneys for Defendant SEIU Local 73*