**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ERICH MANDEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SEIU LOCAL 73 and COMMUNITY ) <br> CONSOLIDATED SCHOOL DISTRICT ) <br> 15, ) <br> ) <br> Defendants. ) | No. 1:18-cv-08385 <br> Honorable Judge Martha M. Pacold |

**REASSIGNMENT STATUS REPORT**

Plaintiff Erich Mandel, Defendant SEIU Local 73 ("Union"), and Defendant Board of Education for Community Consolidated School District No. 15 ("District") submit this Reassignment Status Report in the above-captioned case.

**1.      Nature of the Case**

    **A.      Attorneys of record**

Plaintiff Erich Mandel is represented by the Liberty Justice Center, located at 190 S. LaSalle St., Ste. 1500, Chicago, IL 60603. Lead trial attorney for Plaintiff is Jeffrey M. Schwab. Mr. Schwab is a member of the general bar of the Northern District of Illinois. Assisting him is James J. McQuaid, who is likewise a member of the general bar of the Northern District of Illinois. Neither Mr. Schwab nor Mr. McQuaid are members of the trial bar.

Defendant SEIU Local 73 is represented by the following counsel:

1

Robert E. Bloch
George A. Luscombe, III
Dowd, Bloch, Bennett, Cervone, Auerbach & Yokich
8 S. Michigan Avenue, 19th Floor
Chicago, Illinois 60603
Telephone: (312) 372-1361
Facsimile: (312) 372-6599
E-mail: rebloch@laboradvocates.com
      gluscombe@laboradvocates.com

Scott A. Kronland (*pro hac vice pending*)
Eileen B. Goldsmith (*pro hac vice pending*)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altshulerberzon.com
      egoldsmith@altshulerberzon.com

      The lead trial attorney for Defendant SEIU Local 73 is Robert E. Bloch. Mr. Bloch is a member of the State Bar of Illinois and the general and trial bars of the Northern District of Illinois. Scott A. Kronland is a member of the State Bars of California and New York, is not a member of the general or trial bars of this Court, but has been granted admission *pro hac vice* (Doc. 020). Eileen B. Goldsmith is a member of the State Bar of California, is not a member of the general or trial bars of the Northern District of Illinois, but has been granted admission *pro hac vice* (Doc. 020). George A. Luscombe, III, is a member of the State Bar of Illinois and the general bar of this Court, but not the trial bar.

      Defendant Board of Education for Community Consolidated School District No. 15 is represented by the following counsel:

    Jason T. Manning
    Hodges, Loizzi, Eisenhammer, Rodick & Kohn LLP
    3030 Salt Creek Lane, Suite 202
    Arlington Heights, Illinois 60005
    Telephone: (847) 670-9000

Facsimile:   (847) 670-7334
E-mail:   jmanning@hlerk.com

The lead trial attorney for the District is Jason T. Manning.  Mr. Manning is a member of the State Bar of Illinois and the trial and general bars of the Northern District of Illinois.

### B.     Basis for federal jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this case raises claims under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. No party disputes federal jurisdiction.

### C.     Nature of the claims asserted

*Plaintiff's Statement*

Plaintiff alleges that all Defendants have violated his First Amendment rights to free speech and freedom of association to not join or financially support a union without his affirmative consent, per the Supreme Court's ruling in *Janus v. AFSCME,* 138 S. Ct. 2448 (2018).

*Union's Statement*

Mr. Mandel was a voluntary member of SEIU Local 73, having voluntarily signed a membership card when he had no obligation to do so.  He also voluntarily signed a written authorization to have union dues deducted from his pay.  He asserts a claim under 42 U.S.C. §1983 alleging that the union violated his First Amendment rights by failing to process his August 21, 2018 request to terminate his dues deductions.  The parties have fully briefed cross-motions for summary judgment based on stipulated facts.

SEIU Local 73 contends that Plaintiff's claim in this case is moot in its entirety, because the Union has already fully refunded to Plaintiff the maximum amount of damages recoverable

in this case, with interest; and no union dues have been deducted from Plaintiff's pay since January 8, 2019. *See* Doc. 32, Joint Statement of Stipulated Facts ("JSSF"), ¶¶42, 46, 47.

Even if Mr. Mandel's claim were not moot, the case would have to be dismissed for failure to state a claim. Mr. Mandel voluntarily joined SEIU Local 73, and agreed to the deduction of union dues from his pay. For the reasons set forth in SEIU Local 73's cross-motion for summary judgment, and consistent with each court to consider the issue to date, the enforcement of that private agreement to pay union dues would not violate Mr. Mandel's First Amendment rights. *See* Doc. 37 (Motion), Doc. 38 (Memorandum of Points & Authorities), Doc. 46 (Reply In Support of Motion), Doc. 48, 49, 52 (Notices of Supplemental Authority).

*District's Statement*

The District adopts the Union's statement. Further, as set forth in the District's Answer, Affirmative Defenses, Cross-Claim, and briefs on the parties' cross-motions for summary judgment the District acted at all times pursuant to the relevant Collective Bargaining Agreements with the Union, Illinois state law, operative federal law governing the relevant constitutional standards, and pursuant to the terms of Plaintiff's express written dues deduction authorization. Upon receiving instructions from the Union to cease deducting Union dues from Mr. Mandel's pay, the District immediately terminated those payroll deductions.

**D.     Relief Sought by Plaintiff**

*Plaintiff's Statement*

Plaintiffs seek declaratory relief that Plaintiff's signing of the union card before the Supreme Court's *Janus* decision does not provide a basis for his affirmative consent to waive his First Amendment rights upheld in *Janus* because such authorization was based on an unconstitutional choice between paying the union as a member or paying the union as a non-

4

member, and therefore limiting the ability of Plaintiff to revoke the authorization to withhold union dues from his paycheck to a window of time is unconstitutional, and continuing to withhold union dues from Plaintiff's paycheck violated Plaintiff's First Amendment rights.

Plaintiff sought monetary damages from Defendant SEIU Local 73 in the form of the return of all dues withheld from his paycheck (subject to the statute of limitations) The Parties agreed that the maximum amount of damages recoverable in this case is $924.00. (See Joint Supplemental Status Report, Doc. 027). The Union refunded this amount (plus interest) via letter on March 19, 2019. (Doc. 32, ¶ 47). Thus, Plaintiff no longer seeks damages.

Finally, Plaintiff seeks an award of costs and attorneys' fees under 42 U.S.C. § 1988.

*Union's Statement*

SEIU Local 73 has provided Plaintiff a full refund of the maximum amount of damages recoverable in this case, plus interest, and has terminated the deduction of union dues from his pay. Plaintiff has admitted that he "no longer seeks injunctive relief or damages." Doc. 44 (Pl's Combined Opp. and Reply Br.) at 1. However, Plaintiff continues to seek declaratory relief and attorneys' fees and costs. SEIU Local 73's position is that Plaintiff should take nothing from his complaint.

*District's Statement*

The District's position is that Plaintiff should obtain no relief whatsoever, whether monetary or non-monetary.

**E. Parties Not Served**

All parties in this case have been served. Defendant Community Consolidated School District 15 was served on January 4, 2019 (Doc. 008). Defendant SEIU Local 73 was served on January 7, 2019 (Doc. 009).

**2.     Pending Motions and Case Plan**

    **A.     All Pending Motions**

By the agreement of the parties and order of the Court (Doc. 028), the parties filed a Joint Statement of Stipulated Facts (Doc. 032) on April 16, 2019. Pursuant to the parties' agreement, and a May 14, 2019 order of the Court (Doc. 033), the parties then filed cross motions for summary judgment. Plaintiff filed his motion for summary judgment (Doc. 035) and memorandum of law in support (Doc. 036) on June 11, 2019. SEIU Local 73 filed its motion for summary judgment (Doc. 037) and memorandum of law in support of its motion for summary judgment and in response to Plaintiff's motion for summary judgment (Doc. 038) on July 9, 2019. The District filed its motion for summary judgment (Doc. 041) and memorandum of law in support of its motion for summary judgment and in response to Plaintiff's motion for summary judgment (Doc. 042) on July 9, 2019. Plaintiff filed his combined response to Defendants' motions for summary judgment and reply in support of his motion for summary judgment (Doc. 044) on August 6, 2019. SEIU Local 73 filed its reply in support of its motion for summary judgment on September 3, 2019 (Doc. 046). And the District filed its reply in support of its motion for summary judgment on September 3, 2019 (Doc. 047). After the cross-motions were fully briefed, SEIU Local 73 filed three Notices of Supplemental Authority in support of its motion (Docs. 48, 49, 52).

All three cross motions for summary judgment are fully briefed and currently pending before this Court. Before this case was reassigned to this Court, Judge Blakey had scheduled a hearing on the motions for November 5, 2019. That hearing date was vacated when the case was reassigned. The parties jointly ask this Court to set a new hearing date on the cross-motions.

### B. Discovery

The parties complied with the MIDP Standing Order. The parties have not completed any other discovery. The parties submitted a Joint Statement of Stipulated Facts (Doc. 032), solely for the purposes of cross-motions for summary judgment. The parties anticipate that this case will be decided on the cross motions for summary judgment. However, if this case is not decided on the cross motions for summary judgment, each of the parties has reserved the right to conduct additional discovery, to present additional facts, to present facts contrary to the stipulated facts, and to argue that any of facts stipulated to are not relevant, not admissible, or not supported by admissible evidence.

### C. Substantive Rulings

No substantive rulings have been made in this case.

### D. Substantive or Procedural Motions anticipated prior to trial.

As stated, the parties believe that Plaintiff's Complaint will be adjudicated on the cross motions for summary judgment, but in the event that it is not, the parties may file motions to conduct additional discovery prior to trial. The parties may also file motions in limine. SEIU Local 73 or the District may file further dispositive motions with respect to the District's cross-claim for indemnification. *See infra*, §4.1.

### E. Trial

(1) The parties do not request a jury trial.

(2) While the parties do not anticipate this matter going to trial, should this case not be resolved on the cross motions for summary judgment, if this case did go to trial, the parties anticipate the trial lasting no more than two days.

(3) Trial date: March 30, 2020

3. **Referrals and Settlement**

   A. **Magistrate Judge**

   The magistrate judge is Honorable Jeffrey Cole. This case has not been referred to the magistrate judgment for discovery supervision, a settlement conference, or any other reason.

   B. **Settlement Discussions**

   SEIU Local 73 engaged in initial settlement discussions with Plaintiff, but the parties did not reach an agreement. Defendant SEIU Local 73 refunded Plaintiff's union dues in the maximum amount recoverable by Plaintiff in this case, plus interest, and stopped collecting any union dues from his pay as of January 8, 2019. *See* Doc. 32 (JSSF), ¶¶42, 46, 47 & Exh. M.

   C. **Settlement Conference**

   As to Plaintiff's remaining claims for declaratory relief, Plaintiff does not see any benefit to a settlement conference. SEIU Local 73 remains willing to participate in a settlement conference before a Magistrate Judge.

   D. **Proceeding before a Magistrate.**

   Counsel has spoken to their respective parties and do not consent to proceeding before the magistrate judge.

4. **Other Information**

   1. **Other pertinent information.**

   The District has filed a Cross-Claim against SEIU Local 73 for indemnification (Doc. 16), which the Union answered (Doc. 23). The District and SEIU Local 73 jointly moved to stay all proceedings on the cross-claim pending resolution of cross-motions for summary judgment of Plaintiff's Complaint (Doc. 39, 40). On July 12, 2019, the Court granted the joint motion (Doc. 43).

**2. Requested status hearing**

None.

Dated: November 5, 2019.

Respectfully Submitted,

By: /s/ Jeffrey M. Schwab

Jeffrey M. Schwab (#6290710)
James J. McQuaid (#6321108)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jschwab@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Attorneys for Plaintiff*